IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BANK OF AMERICA, N.A.,

      Plaintiff,

vs.                                                  Civ. No. 03-00346 MV/WDS

SCOTT ESPARZA, SHARLA ESPARZA,
LOS ALAMOS NATIONAL BANK, N.A.,
AMWEST SURETY INSURANCE
COMPANY, and the DEPARTMENT OF
THE TREASURY, INTERNAL REVENUE
SERVICE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Scott and Sharla Esparza's Motion for Leave to File a Response to Amwest Surety Insurance Company's Motion for Partial Summary Judgment, filed November 26, 2003, **[Doc. No. 88]**. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

Amwest Surety Insurance Company ("Amwest") filed its Motion for Partial Summary Judgment on July 28, 2003. Pursuant to D.N.M.LR-Civ. 7.6(a), responses to the motion were due by August 15, 2003. On August 20, 2003, Defendants Scott Esparza and Sharla Esparza ("Defendants") made an untimely request for an extension to respond to the motion until September 4, 2003. The Court entered a Stipulated Order on August 25, 2003, granting the requested extension. On September 4, 2003, Defendants requested, and the Court granted, an

extension of time to respond until September 19, 2003.  On September 19, 2003, Defendants requested another extension until September 26, 2003.  The Courted entered a Stipulated Order on September 24, 2003, granting this request.  On September 25, 2003, Defendants requested an extension of time to file a response until October 10, 2003.  Again, the Court entered a Stipulated Order granting the requested extension. Prior to October 10, 2003, Amwest informed Defendants in writing that Amwest would not consent to any additional extensions.

On October 17, 2003, a week after their response was due, Defendants filed the instant motion seeking leave to file their response to Amwest's motion for partial summary judgment out of time.  Defendants assert that they failed to file their response by the deadline because they had been conducting settlement negotiations with Amwest and thought they had a settlement negotiated.  After the deadline for filing their response had passed, Defendants determined that settlement would not be in their best interests and filed the instant motion seeking to file a response to Amwest's motion out of time.

Local Rule 7.6(a) permits parties to extend deadlines by agreement.  D.N.M.LR-Civ. 7.6(a).  If an extension of time is opposed, a party must file a motion with the Court prior to the filing deadline. *Id*. ("If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable 14-day period.").  Failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b).  Defendants did not seek an extension of the October 10, 2004 deadline, even though it is clear from the record that Defendants were well aware of the process to request an extension under local rules.

Defendants knowingly allowed the deadline to file their response to a substantive motion

to pass without seeking an extension of time on the assumption that a settlement had been, or would be, negotiated. Defendants proceeded at their own peril and the fact that Defendants were negotiating the settlement in good faith provides no justification for their failure to timely file their response or to seek an additional extension. The local rules of this Court are not precatory guidelines; they are mandatory strictures which, if not followed, subject a litigant's suit to dismissal or entry of summary judgment.

Unfortunately, punishing Defendants for their counsel's conduct could create a manifest injustice. In order to afford Defendants an opportunity to oppose the substantial relief sought by Amwest, the Court will overlook their attorney's procedural shortcomings. Defendants' counsel, however, should not count on such a reprieve in the future.

**IT IS THEREFORE ORDERED** that Defendants Scott and Sharla Esparza's Motion for Leave to File a Response to Amwest Surety Insurance Company's Motion for Partial Summary Judgment, filed November 26, 2003, **[Doc. No. 88]** is hereby **GRANTED.** Defendants Scott and Sharla Esparza have five days from the date of this Order to file and serve their response to Amwest Surety Insurance Company's Motion for Partial Summary Judgment. Amwest Surety Insurance Company shall have fourteen days from service of the response to file a reply brief.

Dated this 21st day of January, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE