IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BANK OF AMERICA, N.A.,

    Plaintiff,

vs.                                                                             Civ. No. 03-00346 MV/WDS

SCOTT ESPARZA, SHARLA ESPARZA,
LOS ALAMOS NATIONAL BANK, N.A.,
AMWEST SURETY INSURANCE
COMPANY, and the DEPARTMENT OF
THE TREASURY, INTERNAL REVENUE
SERVICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Scott and Sharla Esparza's ("Defendants") Motion for Order to Amend or Alter Order Approving Special Master's Report and Confirming Foreclosure Sale, filed February 5, 2004, **[Doc. No. 117]**. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

## BACKGROUND

This case involves the foreclosure and sale of Defendants' property located at 54 Honeysuckle Circle, Santa Fe, New Mexico ("the Property"). On October 28, 2003, the Court entered an Order finding that Plaintiff Bank of America ("Bank of America") had a valid first mortgage lien on the Property; foreclosing the mortgage held by Bank of America; granting Bank of America a judgment against the Property and against Scott Esparza and Sharla Esparza in the

amount of $3,451,719.62; ordering the sale of the Property to satisfy the judgment granted to Bank of America (and, if there were any remaining proceeds, to satisfy the junior lienholders); and appointing a Special Master to oversee the sale of the Property.

The Property was sold at public auction by the Special Master on December 19, 2003. Bank of America was the highest (and sole) bidder at $2,723,000.00. On December 31, 2003, the Special Master filed his report regarding the foreclosure sale. On January 15, 2004, the Court entered an Order Approving Special Master's Report and Confirming the Foreclosure Sale. Defendants now seek to have the foreclosure sale set aside under Fed. R. Civ. P. 59 on the grounds that Bank of America purposely bid less than the fair market value of the Property in order to obtain a substantial deficiency judgment from Defendants.

## **LEGAL STANDARD**

When the Court has misapprehended the facts or misapplied the law, a party may seek relief pursuant to Fed. R. Civ. P. 59. The decision whether to grant or deny a motion under Rule 59 is committed to the court's discretion. *See, e.g., Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A court may grant reconsideration under Rule 59 to (1) correct clear error or prevent manifest injustice; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in law. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59 does not, however, provide a valid basis "to revisit issues already addressed or advance argument that could have been raised in prior briefing." *Id*.

**DISCUSSION**

Defendants' motion asserts that the sale of the Property should be set aside because Bank of America purposely bid less than the fair market value of the Property in order to improperly obtain a substantial deficiency judgment against Defendants. Specifically, Defendants contend that Bank of America relied upon an incorrect appraisal in valuing the home and then improperly bid less than this appraisal in order to obtain a windfall.

Bank of America obtained two appraisals of the Property. The first appraisal, performed in January 2003, appraised the Property at $3,500,000.00. The second appraisal, conducted in November 2003 by the same appraiser, appraised the Property at $3,000,000.00. Defendants assert that the second appraisal is too low because the comparable properties used by the appraiser were significantly different from the Property in location, square footage, lot size and/or age.

The appraiser who conducted the appraisals submitted an affidavit stating that the decline in the value of the Property between the first appraisal and the second appraisal was due to a slump in the Santa Fe real estate market for multi-million dollar properties during 2003. According to the appraiser, during the twelve months preceding the Property's November 2003 appraisal, there had been only three reported sales of properties in the Santa Fe market in excess of $2,000,000.00. None of these properties sold for over $3,000,000. As of the date of the November appraisal, there were fifty-three properties listed for sale for prices in excess of $2,000,000, and thirty-four of those properties had been on the market for over one hundred and eighty days.

While the appraiser's affidavit discusses the reason for the Property's decrease in value

from January 2003 to November 2003, it does not directly address Defendants' contention that the November appraisal is invalid because the properties used as comparables in the appraisal differed from the Property in square footage, lot size, location, and age. A quick review of the November appraisal, however, refutes Defendants' argument. While the properties selected as comparable properties do differ in size, location and/or age, the appraiser made adjustments to the prices of these homes to account for these variations. In the absence of any evidence that these adjustments were inadequate to compensate for the differences between the properties, the Court finds that the November appraisal properly estimated the fair market value of the Properties.

Next, Defendants assert that Bank of America improperly bid an amount less than the November appraisal in order to obtain a windfall. Defendants have submitted no evidence in support of their assertion that Bank of American intentionally underbid to create a "windfall" for itself. To the contrary, Bank of America submitted an affidavit stating that it calculated its bid for the Property by subtracting the estimated unpaid taxes owed on the property ($97,000.00) and the 6% commission Bank of America would have to pay to a realtor to sell the property ($180,000.00) from the most recent appraisal ($3,000,000.00). Based on the evidence before it, the Court finds that Bank of America reasonably subtracted future costs directly related to the Property from the most recent appraisal and bid this amount.

Defendants have offered no proof to support their claim that the sale price of the Property was too low. To the contrary, the evidence offered by Bank of America demonstrates that the purchase price was fair and was made in good faith. Consequently, there is no basis to set aside the foreclosure sale.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Scott and Sharla Esparza's Motion for Order to Amend or Alter Order Approving Special Master's Report and Confirming Foreclosure Sale, filed February 5, 2004, **[Doc. No. 117]** is hereby **DENIED**.

Dated this 4th day of November, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE