IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BANK OF AMERICA, N.A.,                          )
                                                )
        Plaintiff,                              )
                                                )        No. civ-03-0346 RLP/WDS
v.                                              )
                                                )        DECLARATION OF JAMIE RAND
SCOTT ESPARZA, SHARLA ESPARZA,                  )        IN SUPPORT OF INXS V, LLC'S
LOS ALAMOS NATIONAL BANK, N.A.,                 )        OPPOSITION TO MOTION TO
AMWEST SURETY INSURANCE COMPANY,                )        STRIKE NOTICE OF ERRATA
and DEPARTMENT OF THE TREASURY,                 )        TO JUDGMENT PURSUANT TO
INTERNAL REVENUE SERVICE,                       )        LOCAL RULE 58.1
        Defendants.                             )

## DECLARATION OF JAMIE RAND

I, Jamie Rand, declare:

1. I am an authorized representative of INXS V, LLC, a Florida limited liability company ("INXS"), the successor in interest to Bank of America, N.A., the plaintiff in this action, with regard to a judgment entered against the Defendants Scott and Sharla Esparza (the "Esparzas"). In my capacity as co-trustee of JJJ Trust, I am (and at all times relevant hereto have been) the primary person who controls the day-to-day business of INXS. I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, I could and would testify competently thereto since the facts set forth herein are personally known to me to be true.

2. In or about late 2011 I was personally involved in working with Bank of America, N.A., a national banking association ("BANA"), to coordinate the Assignment of the judgment that was entered in this action against the Esparzas, from BANA to INXS. In furtherance of same, I negotiated the transaction with BANA via its Director and Senior Vice President, Tamara J. Laughinghouse ("Laughinghouse").

3. On or about November 8, 2011, BANA sold, assigned and conveyed to INXS, all right, title and interest to the loans, judgments or evidences of debt attributed to the Esparzas' account, which included that certain money judgment entered in BANA's favor and against Scott J. Esparza and Sharla R. Esparza (collectively, "Defendants") on May 23, 2005 ("CA Judgment") in *Bank of America, N.A. v. Scott J. Esparza, et a!.* (Sup. Ct. of California for Ventura County, Case No. 20 CIV233913) ("Ventura Action"). A true and correct copy of the CA Judgment is attached hereto as **Exhibit 1.**

4. From having reviewed the New Mexico Judgment (defined below) upon which the CA Judgment is based, it is my understanding that the CA Judgment arises from a 2003 foreclosure-related judgment entered by the United States District Court for the District of New Mexico ("NM Judgment", and collectively with the CA Judgment, the "Judgments") in *Bank of America, N.A. v. Scott J. Esparza, et al.* (Case No. Case No. 03-0346 MV/WDS). The  following documents, collectively comprising the NM Judgment, are incorporated herein by this reference:

(a) Stipulated Decree of Foreclosure, Order of Sale and Appointment of Special Master entered in Bank of America, N.A. v. Scott J. Esparza, et. al. (USDC Dist. New Mexico, Case No. 03-0346 MV/WDS) ("New Mexico Action") on October 28, 2003 **(Docket No. 93**);

(b) Report and Account of Sale by Special Master filed in the New Mexico Action on December 31, 2003 **(Docket No. 107**); and

(c) Order Approving Special Master's Report and Confirming Foreclosure Sale, entered in the New Mexico Action in January 2004 **(Docket No. 109).**

5. The NM Judgment has never been vacated, modified, stayed or set aside, and the time for appeal from same has expired.

6. In late 2011, BANA sold and assigned its rights to the Judgments to INXS. A true and correct copy of the notarized Acknowledgement of Assignment of Judgment filed on INXS' behalf in the Ventura Action on May 11, 2012 ("Assignment Acknowledgement") is attached as **Exhibit 1 to the Notice of Errata to Judgment Pursuant to Local Rule 58.1, filed on April 15, 2016 as Docket No. 134**. Exhibit "B" to the Assignment Acknowledgement and incorporated herein by this reference is the notarized Bill of Sale provided to INXS by BANA on or about December 5, 2011. The Bill of Sale is executed by Laughinghouse in her capacity as BANA's Director.

7. Based on discussions I have had with BANA representatives at or about the time the Judgments were assigned to INXS and based on my review of the documents provided by BANA to INXS in connection with such assignment, I am informed and believe that: (a) on or about June 1, 2006, BANA received the sum of $182,734.22 on the Judgment ("First Partial Payment"); and (b) on or about July 5, 2006, BANA received the sum of $4,338.18 on the Judgment ("Second Partial Payment," collectively "Prior Partial Payments").

8. The Second Partial Payment was acknowledged by BANA by way of BANA's filing in the Ventura Action of a Satisfaction of Judgment (Partial) dated July 5, 2006, a true and correct copy of which is attached hereto  as **Exhibit 2** ("Partial Satisfaction") and is incorporated herein by this reference.

9. To the best of my knowledge, BANA failed to file any Satisfaction of Judgment in the Ventura Action in connection with the First Partial Payment.

10. Having recognized BANA's failure to file any Satisfaction of Judgment in connection with the First Partial Payment and wishing to correct the balance owed on the Judgment, on or

3

about January 7, 2015, INXS filed an Acknowledgement of Partial Satisfaction of Judgment in the Ventura Action, a true and correct copy of which is attached hereto  as **Exhibit 3**  ("2015 Satisfaction") and is incorporated herein by this reference. The 2015 Satisfaction provides that as of December 22, 2014, the outstanding balance on the Ventura Judgment was $1,476,999.56 (comprised of $798,003.51 in principal and $678,996.05 in accrued, unpaid post-judgment interest).

11. Despite INXS' demands, Defendants have failed and refused to pay any sums to INXS. Moreover, despite JNXS' extensive post-judgment collection efforts (i.e., taking the judgment debtor examinations of Defendants; recordation of an abstract of judgment in Los Angeles County, California; filing of a J-1 with the Office of the California Secretary of State; propounding written discovery on the Defendants in the Ventura Action), INXS has never received any payments towards reduction of the Judgments from any source, including by way of levying a writ of execution or recordation of an abstract of judgment. Stated otherwise, other than the Prior Partial Payments, no additional payments have ever been received on the Judgment.

/ / /

/ / /

/ / /

4

12. Despite litigating in California regarding the domestication process of the CA Judgment and the collection efforts by BANA and INXS, Defendants have not challenged the validity of the NM  Judgment until April 29, 2016.

Executed this ____ day of  May, 2016 at Odessa, Florida.

I declare under penalty of perjury under the laws of the State of New Mexico that the foregoing is true and correct.

_____
Jamie Rand

**CERTIFICATE OF MAILING**

I hereby certify that a true and correct copy of the foregoing Declaration of Jamie Rand in Case No. 03-0346 RLP/WDS was electronically filed and delivered to all parties and all counsel of record and additionally to the following persons by U.S. Mail:

Deborah Klar, Esq.
2943 ½ Beverly Glen Circle, Suite 761
Bel Air, California 90077-1724
*Attorney for Scott and Sharla Esparza*

/s/ *Natalie C. Lehman*
Dated: 5-19-16

6