IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BANK OF AMERICA, N.A.,

      Plaintiff,

   v.

Civ. No. 03-0346 MV

SCOTT ESPARZA, SHARLA ESPARZA,
LOS ALAMOS NATIONAL BANK, N.A.,
AMWEST SURETY INSURANCE COMPANY,
and DEPARTMENT OF THE TREASURY,
INTERNAL REVENUE SERVICE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Notice of Errata to Judgment Pursuant to Local Rule 58.1 ("Notice of Errata") [Doc. 134] filed by INXS V ("INXS"), successor in interest to plaintiff Bank of America, N.A. ("BANA"), and the Motion to Strike or Disregard Notice of Errata to Judgment Pursuant to Local Rule 58.1 [Doc. 135] filed by defendants Scott Esparza and Sharla Esparza (collectively, the "Esparzas"). This Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the Motion to Strike is denied and, pursuant to the Notice of Errata, the Court amends its prior judgment.

### I. Background

**The New Mexico District Court Foreclosure**

On March 19, 2003, BANA filed a foreclosure action on real property located at 54 Honeysuckle Circle in Santa Fe, New Mexico (the "Property"), belonging to the Esparzas. [Doc. 1]. On October 28, 2003, the Court entered a Stipulated Decree of Foreclosure, Order of Sale and Appointment of Special Master [Doc. 93], in which it awarded damages in favor or BANA

and against the Esparzas in the sum of $3,451,719.62, and authorized foreclosure of the Property by a special master. All parties, including the Esparzas, were represented by counsel and entered into the Stipulated Decree, which included the following language:

> If the proceeds of the sale are insufficient to satisfy the amount due the Plaintiff as set forth herein the Plaintiff shall have judgment for any deficiency against Defendants Scott and Sharla Esparza.

[*Id.* at 7]. On December 19, 2003, the real property collateral for the loan was foreclosed and, after application of the proceeds of the foreclosure sale, the balance owing was reduced to $793,268.62. [Doc. 107 at 2-3, Special Master's Report]. On January 15, 2004, the Court entered an Order Approving Special Master's Report and Confirming Sale. [Doc. 109]. Together, the Stipulated Decree, Special Master's Report and Order Confirming Sale are referred to as the "New Mexico Judgment."

On February 5, 2004, the Esparzas filed a Motion to Alter or Amend the Order approving Special Master's Report and Confirming Foreclosure Sale. [Doc. 109]. In their motion, the Esparzas argued that the bid price on the house had been too low and allowed BANA to obtain a substantial deficiency judgment against them. [*Id.* at 5, ¶¶ 14-17]. Their challenge went to the amount of the deficiency judgment—not to BANA's *right* to a deficiency judgment. On November 4, 2004, the Court issued a Memorandum Opinion and Order denying the Esparzas' Motion to Amend. [Doc. 129].

**Domestication of New Mexico Judgment and Collection Efforts**

On May 23, 2005, BANA caused the New Mexico Judgment to be domesticated in the Superior Court for the State of California In and For the County of Ventura, in *Bank of America, N.A., v. Scott Exparza and Sharla Esparza*, Case No. CIV 233913. [Doc. 134-1]. The domesticated judgment is referred to as the "California Sister State Judgment." At that time, the

balance owed on the judgment was $889,413.25, including accrued, unpaid post-judgment interest. *Id.*

On August 25, 2005, BANA caused the New Mexico Judgment to be domesticated in Arizona by filing a Notice of Filing of Foreign Judgment and Affidavit in the Arizona Superior Court, Maricopa County, Case No. CV 2005-052039. [Doc. 139-3]. The domesticated judgment is referred to as the "Arizona Sister State Judgment."

BANA records indicate that the Esparzas made two partial payments on the New Mexico Judgment—a payment of $182,734.22 on June 1, 2006, and payment of $4,338.12 on July 5, 2005 [Doc. 139 at 3, Declaration of Jamie Rand]. With respect to the second payment, BANA filed an Acknowledgment of Partial Satisfaction of Judgment in the California court. [Doc. 139-2]. On January 7, 2015, INXS, recognizing BANA had failed to file an acknowledgment of the first payment, filed an Acknowledgment of Partial Satisfaction of Judgment in the California court, in which it acknowledged the first payment and stated that as of December 22, 2014, the outstanding balance on the California Sister State Judgment was $1,476,999.56 (comprised of $798,003.51 in principal and $678,996.05 in accrued, unpaid post-judgment interest). [Doc. 139-3].

**Assignment of Judgments to INXS**

On November 8, 2011, BANA sold and assigned its right, title and interest in the California and Arizona Sister State Judgments to INXS. [Doc. 134, Ex. 1, Acknowledgment of Assignment]. The Acknowledgment of Assignment specifically referenced the California and Arizona Sister State Judgments and acknowledged that BANA "assigned its right, title and interest in the judgment consisting of the unpaid amount of $889,413.25 to INXS V LLC," and copies of the Sister State Judgments and the Bill of Sale from BANA to INXS are attached

thereto. [Doc. 134-1 at 2-9]. At the time of the assignment, the Esparzas owed a balance of $780,733.99 on the judgment. *Id.*

## Collection Efforts by INXS

On November 21, 2013, INXS obtained a Writ of Execution issued by the California court in connection with the Sister Statement Judgment (the "Writ"). On December 2, 2013, INXS caused the Writ to be levied on the Esparzas' Wells Fargo bank account in Arizona, which attached to $39,348.84 held in one or more deposit accounts in the name of one or both of the Esparzas. Wells Fargo complied with the writ.

On March 7, 2015, the Esparzas filed a Motion to Quash the Writ of Execution issued by the California court. [Doc. 138-1]. In their Memorandum of Points and Authorities in support of the motion, the Esparzas acknowledged BANA had obtained a deficiency judgment against them for the outstanding balance of $793,268.62 plus accrued interest, and had domesticated the judgment in both California and Arizona. *Id.* at 4. Further, they stated that BANA had sold its judgment to INXS. *Id.* However, they asserted that the California court did not have jurisdiction to attach their assets located outside the state and, therefore, the writ must be quashed. *Id.* The California court granted the Esparzas' Motion to Quash and the levy was reversed.

## Fair Debt Collection Act Lawsuit

On November 25, 2014, the Esparzas sued BANA, INXS and their respective attorneys in the Superior Court of California, County of Los Angeles, Case No. BC565012, alleging violations of the Fair Debt Collection and Practices Act and the Consumer Protection Act; abuse of judicial process; and intentional misrepresentation. They sought a permanent injunction. The Esparzas alleged inadequate communication by defendants concerning the debt they owed pursuant to the Judgments. However, they did not challenge the validity of the Judgment. INXS

and BANA filed a Motion to Strike the FDCPA Complaint, which was granted by the court on April 6, 2015.

## Challenge to California Sister State Judgment

On March 7, 2015, Defendants filed a motion to vacate the California Sister State Judgment. On March 30, 2016, the Superior Court for the State of California In and For the County of Ventura issued a tentative ruling in which it concluded that the clerk's entry of judgment in the California case, which was based on the judgment of the United States District Court for the District of New Mexico, was void because a sister state judgment cannot be entered in state court based on a federal judgment. [Doc. 136-1, Tentative Ruling].[1] As a result, INXS commenced efforts to domesticate the New Mexico Judgment in federal court in California.

## Filing of Notice of Errata

On April 15, 2016, INXS filed its Notice of Errata in this case, asserting that a clerical omission concerning the judgment had been made because the negotiable instrument upon which the judgment is based was not attached to the judgment, as required by Local Rule 58.1. [Doc. 134 at 1-2]. INXS requested that the original Promissory Note in the amount of $3,187,500.00 executed by the Esparzas on October 10, 2000, secured by the real property located at 54 Honeysuckle Circle, Santa Fe, New Mexico 87501, be merged into the Judgment and marked with the docket number of this action. *Id.*

The Esparzas responded by filing a Motion to Strike Notice of Errata to Judgment Pursuant to Local Rule 58.1, arguing that the Court in this case never assessed and adjudged a personal deficiency against them, the promissory note was extinguished by operation of law and merged into the judgment, INXS is a third party who has not demonstrated any interest in this

---

[1] Subsequently, the California state court issued a final order adopting its tentative ruling in its entirety. [Doc. 137].

matter, and Rule 60(a) does not authorize the relief INXS requests. [Doc. 135].

## II. Analysis

Local Rule 58.1 states:

**Final Judgment Based Upon a Negotiable Instrument.** A negotiable instrument that is the basis of a final judgment must accompany the judgment. The instrument must be:
- filed as an exhibit upon entry of judgment;
- merged into the judgment and marked as merged; and
- marked with the docket number of the action.

The instrument may be delivered to a party only by Court order.

The negotiable instrument—i.e., the promissory note—was not filed as an exhibit to the Stipulated Decree. Thus, the final judgment does not comply with Rule 58.1. However, INXS seeks leave pursuant to Fed. R. Civ. P. 60(a) to correct the judgment by having the original promissory note merged into the Judgment, marked as merged and marked with the docket number of this case. [Doc. 134 at 1-2].

Rule 60(a), provides in pertinent part:

**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

The Court concludes, based on applicable law and the facts of this case, that a deficiency award *was* included in the judgment; INXS as standing to pursue relief under Rule 60(a) and, even if it didn't, the Court has the inherent power under Rule 60(a) to order the promissory note merged into the judgment; and that the Esparzas are estopped from contending BANA did not obtain a deficiency judgment.

### A. Whether a Deficiency Award to BANA was Included in the Judgment

The Esparzas argue that although the Stipulated Decree provided BANA would be

entitled to a deficiency award if proceeds of the sale of the house were less than the deficiency award, it did not adjudge a deficiency, and the Court never assessed a deficiency judgment for any specified amount.

The Esparzas cite no authority for this position, and the Court disagrees with it. The judgment in this case consists of (1) the Stipulated Decree, which granted judgment against the Esparzas in the amount of $3,451,719.62, ordered the sale of the property, appointed a special master to sell the property and provided that BANA would be entitled to a judgment for any deficiency after proceeds of the sale were received [Doc. 93 at 5-7]; (2) the Special Master's Report which included the amount of the deficiency [Doc. 107]; and (3) the Order Confirming Sale which adopted the Special Master's Report in its entirety. [Doc. 109],

Support for the Court's conclusion can be found in New Mexico law concerning what constitutes a "final judgment" in a foreclosure action involving a security instrument. In *Speckner v. Riebold*, 523 P.2d 10, 12 (N.M. 1974), the New Mexico Supreme Court explained:

> As we view it, there are two separate adjudications in a suit to foreclose a mortgage. The initial judgment operates to foreclose the mortgage. It declares the rights of the parties in the mortgaged premises.
> * * *
> The second part of the judgment directs that the mortgaged property be sold, and fixes the manner and terms of the sale. It is interlocutory. A district court has a continuing supervisory jurisdiction over mortgage foreclosure sales. It has certain discretionary powers to order such a sale on any terms or in any manner, subject only to statutory prohibitions and review for abuse of discretion.[2]

---

[2] The court further elaborated:

> A judgment of foreclosure is always final in part and interlocutory in part; final as to determining the rights of the plaintiff under the mortgage; interlocutory with respect to the sale; final as to the amounts to be paid to the mortgagor; interlocutory with respect to the legality of the proceedings upon the sale, the proper distribution of the proceeds thereof and as to any rights to the distribution of any surplus.

*Id.* (quoting *Best v. Patten*, 158 Misc. 8, 285 N.Y.S. 76 (1935), rev'd on other grounds, *In re Tharratts' Estate*, *Best v. Patten*, 248 App. Div. 678, 290 N.Y.S. 550 (1936)).

7

* * *
> That part of the decree of foreclosure that directs the manner and terms of the sale of the mortgaged property does not become a final judgment until the judicial confirmation of the sale, whereupon it becomes final.

*See also Crown Life Ins. Co. v. Candlewood, Ltd.*, 818 P.2d 411, 413 (N.M. 1991) ("There are two aspects to any foreclosure proceeding: the judgment holding the debtor liable, followed by the proceedings to enforce the judgment, including the sale of the property. It is clear that the court adjudicating the action on the debt has continuing jurisdiction over the foreclosure sale." (citing *Speckner*, 523 P.2d at 12)).

Accordingly, the Court concludes that a deficiency judgment—consisting of the Stipulated Decree of Foreclosure, the Special Master's Report and the Order Confirming Sale—was entered in this case.

### B. Whether INXS Has Standing to Seek Relief Under Fed. R. Civ. P. 60(a)

The Esparzas also argue that INXS lacks standing to seek relief under Fed. R. Civ. P. 60(a) because BANA never pursued a deficiency judgment and, therefore, its assignee, INXS, did not purchase the right title and interest in a judgment. Additionally, they contend that since BANA failed to attach the promissory note as an exhibit to the Stipulated Decree or to any other order or judgment issued by the Court, neither it nor INXS has standing to obtain the requested relief.[3]

---

[3] The Esparzas also contend that since BANA failed to deliver to the Court the original promissory note, as required by Local Rule 58.1, it was not entitled to seek foreclosure. [Doc. 136 at 2-3]. Further, they speculate that the Note was not originally attached to the Judgment because BANA was not in possession of the Note at the time, as required by New Mexico law. However, whether or not BANA was in possession of the Note at the time of the foreclosure is a question of standing, which the Esparzas waived when they entered into the Stipulated Decree. *See Phoenix Funding, LLC v. Aurora Loan Services, LLC*, 365 P.3d 9, 13 (N.M. 2015) ("In order to establish standing to foreclose, plaintiffs must demonstrate that they had the right to foreclose

Neither argument has merit. As stated above, the Stipulated Decree, the Special Master's Report and the Court's Order adopting the Special Master's Report—taken together—comprise the deficiency judgment against the Esparzas. As BANA's assignee, INXS has standing to ask the Court to modify the judgment pursuant to Rule 60(a).

More importantly, even if INXS lacks standing, the Court has the power under Rule 60(a) to make corrections *sua sponte*. And support for the requested relief can be found in extant case law. In *United States v. Stuart*, 392 F.2d 60, 61-62 (3rd Cir. 1968), a collection action, the court was presented with a similar situation in which documents had been inadvertently omitted from the record at the time judgment was entered. The United States filed a Rule 60(a) motion to amend the judgment by adding to the record a document entitled "Statement and Confession," which for the first time alleged jurisdiction and venue and attached the guaranty and confession of judgment, as well as an assignment of the various documents by the bank. The district court granted the motion and denied the defendant's motion to vacate. On appeal, the Third Circuit affirmed the district court's decision, stating:

> Without seeking to refine the matter unduly, it seems to us that Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it. To that end 60(a) permits, inter alia, reasonable additions to the record. In contrast, Rule 60(b) is concerned with changing a final judgment, etc. In such a case the moving party understandably shoulders a much heavier burden.
>
> There is no question but that the material which the United States was permitted to add to the record by virtue of the district court's action in granting its motion was supportive of the judgment, was in existence at the time the judgment was entered and reflected the contemporaneous intention of the Bank and the United States with respect to the matter. It was not claimed that its omission was other than inadvertent.

*Id.* 62. Similarly, the Fifth Circuit has stated:

---

the mortgage at the time the foreclosure suit was filed") (citation omitted). .

> [T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. *As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake*, the modification will be allowed.

*In re W. Tex. Mktg.*, 12 F.3d 497, 504-05 (5th Cir. 1994) (emphasis added).

In this case, it is abundantly clear from the record that the parties and the Court intended for BANA to obtain a deficiency judgment against the Esparzas. Moreover, the conduct of the parties, including the Esparzas, in the years since entry of the judgment, supports a conclusion that all parties believed a deficiency judgment had been entered.

### C. Estoppel/Res Judicata

The Esparzas, declaring that they "believed this matter was settled when BOA foreclosed and elected not to pursue a deficiency judgment," urge the Court not to reopen this litigation. [Doc. 136 at 15].

However, this statement is contradicted by the history of the foreclosure action, collection efforts by BANA and INXS, and the Esparzas' pleadings and conduct over the last 17 years. During the foreclosure action, the Esparzas agreed to the Stipulated Decree allowing for a deficiency judgment in favor of BANA; admitted the large deficiency judgment in favor of BANA in their Motion to Alter or Amend the Order; made partial payments to BANA to satisfy the judgment; and engaged in lengthy litigation in California regarding collections efforts by INXS and domestication of the Sister State Judgment. Until now, they have never challenged the validity of the deficiency judgment.

The Esparzas also contend that because there was no deficiency judgment, BANA assigned INXS only an unenforceable promissory note, the judgment is res judicata and INXS is

improperly attempting to disturb the judgment. [Doc. 136 at 6]. This contention, however, is based on their failed argument that BANA did not obtain a deficiency judgment. To the contrary, it appears that the Esparzas are improperly attempting to modify the judgment.

### III. Conclusion

The Esparzas' Motion to Strike or Disregard Notice of Errata to Judgment Pursuant to Local Rule 58.1 [Doc. 135] is denied. Pursuant to INXS' Notice of Errata to Judgment Pursuant Rule 58.1 [Doc. 134], the Court will file an Amended Judgment, to which will be attached the Stipulated Decree [Doc. 93], the Special Master's Report [Doc. 107] the Order Confirming Sale [Doc. 109] and the Promissory Note. The Amended Judgment will state that the Promissory Note in the amount of $3,187,500.00 executed by the Esparzas is deemed merged into both the original Judgment and the Amended Judgment.

ENTERED this 28th day of August, 2017.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Natalie C. Lehman, Esq. | Kurt Sommer, Esq. |
| WRIGHT FINLAY & ZAK, LLP | SOMMER, UDALL, SUTIN, |
| *Attorney for Plaintiff* | HARDWICK & HYATT, P.A. |
| | *Attorney for Defendants* |