IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BANK OF AMERICA, N.A.,

       Plaintiff,

                                           Civ. No. 03-0346 MV

v.

SCOTT ESPARZA, SHARLA ESPARZA,
LOS ALAMOS NATIONAL BANK, N.A.,
AMWEST SURETY INSURANCE COMPANY,
and DEPARTMENT OF THE TREASURY,
INTERNAL REVENUE SERVICE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Renewed Motion for Permission to Register Judgment in Central District of California While Appeal Pending [Doc. 155] filed by INXS V, LLC, assignee of the judgment creditor, Bank of America, N.A. ("INXS"). Defendants Scott Esparza and Sharla Esparza (the "Esparzas"), have filed a Response in Opposition to the motion. [Doc. 158].

This Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the motion should be granted.

### I. Background

The case started as a foreclosure action against the Esparzas on a home they owned in Santa Fe. On October 28, 2003, the Court entered a Stipulated Decree of Foreclosure, Order of Sale and Appointment of Special Master, in which it (1) awarded damages of $3,451,719.62 in favor of Bank of America, NA ("BANA"), the holder of the note and mortgage on the house, and against the Esparzas; (2) authorized foreclosure of the property by a special master; (3) appointed

a special master; and (4) ordered that if proceeds of the sale of the house were insufficient to satisfy the judgment, BANA would have judgment for any deficiency against the Esparzas. [Doc. 93].

On December 19, 2003, the real property collateral for the loan was foreclosed and, after application of the proceeds of the foreclosure sale, the balance owing was reduced to $793,268.62. [Doc. 107 at 2-3, Special Master's Report]. On January 15, 2004, the Court entered an Order Approving Special Master's Report and Confirming Sale. [Doc. 109]. Together, the Stipulated Decree, Special Master's Report and Order Confirming Sale are referred to as the "New Mexico Judgment."

On May 23, 2005, BANA caused the New Mexico Judgment to be domesticated in the Superior Court for the State of California In and For the County of Ventura, in *Bank of America, N.A., v. Scott Esparza and Sharla Esparza*, Case No. CIV 233913. [Doc. 134-1]. The domesticated judgment is referred to as the "California Sister State Judgment." At that time, the balance owed on the judgment was $889,413.25, including accrued, unpaid post-judgment interest. *Id.*

On August 25, 2005, BANA caused the New Mexico Judgment to be domesticated in Arizona by filing a Notice of Filing of Foreign Judgment and Affidavit in the Arizona Superior Court, Maricopa County, Case No. CV 2005-052039. [Doc. 139-3]. The domesticated judgment is referred to as the "Arizona Sister State Judgment."

On November 8, 2011, BANA sold and assigned its right, title and interest in the California and Arizona Sister State Judgments to INXS. [Doc. 134, Ex. 1, Acknowledgment of Assignment]. At the time of the assignment, the Esparzas owed a balance of $780,733.99 on the judgment. *Id*.

On March 7, 2015, Defendants filed a motion to vacate the California Sister State Judgment. On March 30, 2016, the Superior Court for the State of California In and For the County of Ventura issued a tentative ruling in which it concluded that the clerk's entry of judgment in the California case, which was based on the judgment of the United States District Court for the District of New Mexico, was void because a sister state judgment cannot be entered in state court based on a federal judgment. [Doc. 136-1, Tentative Ruling].[1]  As a result, INXS commenced efforts to domesticate the New Mexico Judgment in federal court in California.

On April 15, 2016, INXS filed its Notice of Errata in this case, asserting that a clerical omission concerning the judgment had been made because the negotiable instrument upon which the judgment is based was not attached to the judgment, as required by Local Rule 58.1.  [Doc. 134 at 1-2].  INXS requested that the original Promissory Note in the amount of $3,187,500.00 executed by the Esparzas on October 10, 2000, secured by the real property located at 54 Honeysuckle Circle, Santa Fe, New Mexico 87501, be merged into the Judgment and marked with the docket number of this action.  *Id.*

The Esparzas responded by filing a Motion to Strike Notice of Errata to Judgment Pursuant to Local Rule 58.1, arguing that the Court in this case never assessed and adjudged a personal deficiency against them, the promissory note was extinguished by operation of law and merged into the judgment, INXS is a third party who has not demonstrated any interest in this matter, and Rule 60(a) does not authorize the relief INXS requests. [Doc. 135].

On August 28, 2017, the Court filed a Memorandum Opinion and Order denying the Esparzas' Motion to Strike and amending its prior judgment to include the promissory note. [Docs. 143-144].  On August 30, 2017, the Esparzas filed their Notice of Appeal of the Court's

---

[1] Subsequently, the California state court issued a final order adopting its tentative ruling in its entirety.  [Doc. 137].

decision. [Doc. 145].

On September 27, 2017, INXS filed a Motion for Permission to Register Judgment in Central District of California While Appeal Pending and Request for Expedited Briefing and Decision. [Doc. 150]. The Esparzas responded by filing a Motion to Enforce Local Rule LR-CV-7.1(A) [Doc. 153]. That rule states in pertinent part: "Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." On October 2, 2017, the Court granted the Esparzas' motion, but gave INXS leave to refile its motion in compliance with the local rule. [Doc. 154]. On October 6, 2017, INXS filed the pending motion and requested expedited briefing. [Doc. 155]. The Court ordered expedited briefing. [Doc. 157]. The motion has now been fully briefed.

## II. Analysis

Under New Mexico law, "Actions founded upon any judgment of any court of the state may be brought within fourteen years from the date of the judgment, and not afterward." NMSA § 37-1-2. In its Motion, INXS states that "because the Stipulated Decree of Foreclosure was entered on October 28, 2003, the Esparzas are very likely to raise a defense that the statute of limitations for enforcement of the original Judgment and/or Amended Judgment will have run on **October 28, 2017**." Therefore, it requests that the Court enter an order pursuant to 28 U.S.C. § 1963 permitting INXS to register the Court's original Judgment and the Amended Judgment in the Central District of California, despite the pending appeal. That statute provides in pertinent part:

> **Registration of judgments for enforcement in other districts**
>
> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, [or] bankruptcy court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal **or when ordered**

>    **by the court that entered the judgment for good cause shown**. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. §1963 (emphasis added).

INXS acknowledges the judgment in this case is not final, since it is on appeal, but asserts good cause exists because: (1) the Esparzas are now residents of California, and any property that may be used to satisfy the amended Judgment will likely be in California; and (2) the Esparzas have not posted a supersedeas bond. [Doc. 155 at 6]. It also asks the Court to determine when the statute for enforcing the Judgment and/or Amended Judgment will run. *Id.* at 6-7.

In *Hicks v. The Cadle Co.*, 2009 WL 189938 at *2-3 (D. Co. Jan. 27, 2009) (unpublished decision), the court, in addressing § 1983, stated:

>    While the Tenth Circuit has not set forth what constitutes "good cause" in this setting, other courts have stated that the "good cause requirement may be satisfied if the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district to satisfy the judgment."

(citing *Rep. Bank v. Amtec Precision Production, Inc*. 2008 WL 410130, at *1 (D. Utah Feb. 12, 2008) (citing *Schreiber v. Kellog*, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993); *Assoc.'d Bus. Tel. Sys. Corp. v. Greater Capital Corp*., 839 F. Supp. 1157, 1162 (E.D. Pa. 1993). Moreover, the standard for showing good faith to support registration of the Judgment under 28 U.S.C. § 1963, does not require definitive proof of "reachable" assets in a state. *Falica v. Advance Tenant Services*, 2005 U.S. Dist. LEXIS 13363 at *12-*15 (D.D.C. May 12, 20015). In *Falica*, the District Court for the District of Columbia held that "good cause" can be established by showing that defendants have not made any effort to pay or bond a judgment, but rather "have made it increasingly difficult for the plaintiffs to collect their judgment," and that it is "likely" defendants had substantial assets in the other district. *Id.*

5

Here, it is undisputed the Esparzas have no assets in New Mexico. They maintain they have insufficient assets in California, where both now reside, to satisfy the balance remaining on the $793,268.62 deficiency judgment. However, since entry of the judgment, BOA and/or INXS have collected $187,072.40 from them in partial satisfaction of the judgment. Furthermore, the transcript of a 2014 judgment debtor examination of Mr. Esparza establishes that they both receive substantial salaries from his company, Scott J. Esparza Bail Bonds, Inc., d/b/a Acme Bail Bonds, in Ventura, California. [Docs. 158-4, 158-5 at 8-10].[2] Moreover, Acme Bail Bonds has 21 locations in the Central District of California. [Docs. 161 at 2, 161-1].[3]

The Court finds that INXS has adequately demonstrated good cause justifying registration in the Central District of California. *See Republic Bank v. AMTEC Precision Prods., Inc.*, 2008 WL 410130, at *1-*2 (D. Utah, Feb. 12, 2008) (good cause was shown where defendant denied transacting business in state where judgment was obtained and equipment that was the basis for the litigation was located in state where plaintiff sought to register judgment). A judgment creditor "is not required to conclusively prove" that the judgment debtor "has sufficient assets in another jurisdiction" in order to establish good cause, but rather need only make assertions that are based on more than "mere speculation." *Id.*

---

[2] Mr. Esparza testified that his wife receives $9,120 gross pay every two weeks, and he receives $9,200 every two weeks. [Doc. 158-4 at 9-10].

[3] On October 19, 2017, the Esparzas filed a motion for leave to supplement their Response in the event they are able to locate an additional examination transcript. [Doc. 159]. The Court granted that motion. [Doc. 160]. To date, they have not filed the transcript, and, given the potential of the statute of limitations on enforcement of the judgment running on October 28, 2017, the Court will not delay ruling on the pending motion. Moreover, inasmuch as both parties have already presented substantial evidence on issue of good cause, the Court does not believe additional evidence would impact the Court's decision.

The Renewed Motion for Permission to Register Judgment in Central District of California While Appeal Pending [Doc. 155] filed by INXS V, LLC, assignee of the judgment creditor, Bank of America, N.A. ("INXS"), is hereby granted.[4]

ENTERED this 25th day of October, 2017.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE


Natalie C. Lehman, Esq.  
WRIGHT FINLAY & ZAK, LLP  
*Attorney for Plaintiff*

Kurt Sommer, Esq.  
SOMMER, UDALL, SUTIN,  
HARDWICK & HYATT, P.A.  
*Attorney for Defendants*

---

[4] The Court declines to address INXS' request to determine whether the filing of the Amended Judgment on August 28, 2017, triggered a new statute of limitations.